UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

OCT 2 3 2007

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ALBERT LAVAL WATSON, #229443,

Petitioner,

v.                                    CIVIL ACTION NO. 2:07cv372

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On March 17, 2005, Petitioner, Albert Laval Watson ("Watson"), was found guilty of one (1) count of burglary and one (1) count of robbery, in a jury trial in the Circuit Court for the City of Chesapeake, Virginia ("Circuit Court").[1] On May 20, 2005, Watson was sentenced to serve a total of fifteen (15) years in prison.

---

[1]Watson was represented at trial by A. Robinson Winn, Esq.

On May 26, 2005, Watson noted an appeal of his convictions with the Court of Appeals of Virginia ("Court of Appeals").[2] On September 7, 2005, Watson filed his petition for appeal.[3] On December 14, 2005, the Court of Appeals entered a _per curiam_ opinion denying the appeal on the merits.[4] Record No. 1297-05-1. On December 27, 2005, Watson filed a demand for consideration by a three-judge panel. On April 5, 2006, the three-judge panel denied the petition for appeal for the same reasons set forth in the court's previous order. Record No. 1297-05-1. Watson did not file any subsequent direct appeals, either with the Supreme Court of Virginia or the United States Supreme Court.

On July 5, 2005, while his direct appeal was pending with the Court of Appeals, Watson filed a _pro se_ petition for writ of habeas

---

[2]Watson was represented on appeal by Kathleen A. Ortiz, Esq.

[3]This appeal alleged essentially the following claims:
(a) The victim's show-up identification of Watson violated Watson's constitutional right to due process because, under the totality of the circumstances, the procedure was unduly suggestive and there was a substantial likelihood of misidentification; and
(b) The circumstantial evidence was insufficient to support Watson's convictions.

[4]The Court of Appeals held:
(a) Considering all of the facts and circumstances, the show-up was not impermissibly suggestive and the trial court did not err in denying the motion to suppress; and
(b) This issue was barred from review pursuant to Va. Sup. Ct. R. 5A:18 because Watson did not raise the same argument in the trial court that he advanced on appeal.

2

corpus with the Circuit Court.[5]  On October 28, 2005, the court dismissed this petition.[6]  Record No. CL05-1275.  Watson did not appeal this decision to the Supreme Court of Virginia.

---

[5]The Court notes that July 5, 2005, is the date Watson appears to have executed the petition, and there is no indication on the copy submitted by Respondent as to when the petition was received by that court.  The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing."  Va. Sup. Ct. R. 3A:25. Absent evidence to the contrary, the Court has, therefore, applied this rule in considering Watson's state habeas petition as filed on July 5, 2005.

The petition presented essentially the following claims:

(a) The victim's identification testimony was inadequate;

(b) The time frame in which the victim stated she was robbed was inconsistent with the time of her 911 call and the arrival of the responding officer;

(c) There are inconsistencies between witness testimony regarding the time at which the defendant was identified as a suspect and phone record evidence regarding the defendant's arrest;

(d) The arresting officer's testimony was inconsistent with testimony of other officers who testified;

(e) The investigating officer testified that he set up two meetings with the suspect, but the defendant never met him at either place; and

(f) Trial counsel was ineffective for failing to contact witnesses identified by the defendant, for failing to present evidence at trial that another person had Watson's cell phone at the time the crimes were committed, and for not producing records of calls made from Watson's cell phone.

[6]The following is the Circuit Court's disposition of Watson's claims:

As to claims (a)-(e):  The Circuit Court combined claims (b) and (c), and claims (d) and (e), and found that all of these claims were barred from habeas review pursuant to Slayton v. Parrigan, 215 Va. 27 (1974), because they could have been raised at trial or on appeal.

As to claim (f):  The Circuit Court held that under the criteria set forth in Strickland v. Washington, 466 U.S. 668 (1984), Watson did not show that his attorney was ineffective.

On May 2, 2006, Watson filed a pro se petition for habeas corpus with the Supreme Court of Virginia.[7] On June 20, 2006, the court dismissed the petition pursuant to Va. Code Ann. § 8.01-654(A)(2) because Watson had knowledge of the allegations set forth in that petition at the time he filed his previous petition. Record No. 060981. Watson subsequently filed a motion with the Supreme Court of Virginia requesting the court set aside the judgment dismissing his petition. On September 20, 2006, the court summarily denied this motion. Record No. 060981.

On or before August 8, 2007,[8] while in the custody of the Virginia Department of Corrections at the Haynesville Correctional Center, Watson executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Petition"). The Court received and filed this petition on August 8, 2007.[9] On

---

[7]The petition was received by that court on May 17, 2006. The Court has applied the Virginia mailbox rule, see supra, note 5, in considering Watson's petition as filed on May 2, 2006, the date on which he executed the petition.

The petition presented essentially the following claim:
Trial counsel was ineffective for failing to question police arrest procedures, failing to present possible exculpatory evidence, and failing to subpoena corroborating witnesses. As part of his assertion that trial counsel should have challenged police arrest procedures, Watson asserted trial counsel should also have addressed inconsistencies in the victim's and officer's identification of him as a suspect.

[8]The signatures of Watson and his counsel in the instant petition were not dated. Watson is represented for this petition by J. Bradley Reaves, Esq.

[9]Within this petition, Watson requested discovery pursuant to Rule 6 of Rules Governing Section 2254 Cases and an evidentiary

4

September 11, 2007, Respondent filed his Motion to Dismiss and Rule 5 Answer accompanied by a supporting memorandum ("Respondent's Memorandum").  On October 1, 2007, the Court received Watson's response to Respondent's Motion to Dismiss ("Watson's Response").[10]

### B. Grounds Alleged

Watson now asserts in the instant petition to this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

(I)   Admission of the show-up identification violated Watson's right to due process; and

(II)  Watson was denied effective assistance of counsel in that:[11]

(a) Counsel failed to sufficiently challenge the victim's identification of Watson, and failed to impeach the victim with prior inconsistent testimony;

(b) Counsel failed to sufficiently cross-examine the investigating officer and exploit

---

hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases.  Federal Petition, at 9.  The Court denies these motions infra.

[10]Within Watson's Response, he renewed his requests for discovery and for an evidentiary hearing, Watson's Response, at 3, which the Court denies infra.

[11]Watson listed the six (6) subclaims (a) through (f) under the heading of ineffective assistance of counsel.  He also provided two (2) additional claims under a heading entitled "Jury Instructions and Voir Dire" that the Court construes as two (2) additional subclaims of ineffective assistance of counsel, (g) and (h).  The Court notes that as part of claim (g), Watson also asserted that the trial judge should have sua sponte issued the limiting instruction.  This does not change the Court's recommendation, infra, to dismiss this claim as procedurally defaulted.

inconsistencies in his testimony related to the show-up identification;

(c) Counsel failed to develop an adequate and complete witness list;

(d) Counsel failed to move for a judgment notwithstanding the verdict after the jury returned with a verdict of "guilty";

(e) Counsel failed to move for discovery and inspection to discover any evidence in the possession of the Commonwealth;

(f) Counsel failed to introduce cell phone records produced to the defense before trial by the Commonwealth;

(g) Counsel failed to request the trial judge give a limiting instruction regarding hearsay responses to some of the Commonwealth's questions; and

(h) Counsel failed to conduct any meaningful voir dire of the jury.

## II. PETITIONER'S MOTIONS

As a preliminary matter, the Court notes that Watson has requested both discovery and an evidentiary hearing. The Court first considers Watson's request for an evidentiary hearing. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the Court DENIES Watson's motion for an evidentiary hearing.

Next, the Court considers Watson's request for discovery. The Court may grant discovery for a habeas corpus petition for "good cause shown." Rules 6 of the Rules Governing Section 2254 Cases.

Because the Court finds, <u>supra</u>, in dismissing Watson's motion for an evidentiary hearing, that the record is adequate to resolve all legal issues, the Court DENIES Watson's motion for discovery. The Court also notes that Watson has not provided any reasons supporting his request for discovery nor has he provided any proposed interrogatories or requests for admissions, as required by Rule 6(b).

### III. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court need not address the merits of Watson's habeas corpus petition because the Court FINDS that the claims within that petition are barred from review due to procedural default.[12]

---

[12]Though Respondent has not asserted the statute of limitations as an affirmative defense, the Court considers here the timeliness of the Federal Habeas Petition. <u>See</u> <u>Day v. McDonough</u>, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006) (federal habeas courts are "permitted, but not obligated, to consider <u>sua sponte</u>, the timeliness of a state prisoner's habeas petition"). Watson's conviction did not become final until May 5, 2006, thirty (30) days after the denial of his petition for rehearing on April 5, 2006, by the Court of Appeals, and the date upon which the period for seeking direct review of his conviction by the Supreme Court of Virginia expired. <u>See</u> Va. Code Ann. § 8.01-671(C). Accordingly, Watson had a one (1) year limitations period from that date, or until May 5, 2007, in which to file his petition with this Court. 28 U.S.C. § 2244(d)(1).

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. <u>Carey v. Saffold</u>, 536 U.S. 214, 220-21 (2002); <u>Rouse v. Lee</u>, 339 F.3d 238, 243-44 (4th Cir. 2003)(a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final

disposition by the highest state court." (quoting <u>Taylor v. Lee</u>, 186 F.3d 557, 561 (4th Cir. 1999)))

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

<u>Id.</u> Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. <u>Id.</u> at 9 (application was not properly filed and limitation period was not tolled where fee was not included with filing). <u>See also</u> <u>Pace v. DiGugliemo</u>, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. <u>Bennett</u>, 531 U.S. at 9.

Even though Watson's first state habeas petition was properly filed, Watson is not entitled to tolling for the pendency of that petition because that petition was filed and dismissed before the instant limitations period began to run. Watson's second habeas petition, filed directly with the Supreme Court of Virginia, was dismissed pursuant to Va. Code Ann. § 8.01-654(B)(2). This Court has previously considered the issue of whether compliance with this statutory requirement is a "filing" condition. <u>Wilson v. Angelone</u>, No. 2:98CV135, 1998 U.S. Dist. LEXIS 22262, at *8-11 (E.D. Va. August 20, 1998). This Court found that Va. Code Ann. § 8.01-654(B)(2) does set forth a filing condition, such that failure to comply prevents the petition from being considered "properly filed," and thereby prevents the application of tolling for the pendency of the petition. <u>Id.</u> As a result, Watson was not entitled to tolling during the pendency of his second state habeas petition. Therefore, Watson's deadline for filing the instant petition remained May 5, 2007, and his petition filed on August 8, 2007, was untimely. Because the Court finds that the instant petition may be dismissed on the ground that it is procedurally

8

## A.   Exhaustion

In order for this Court to address the merits of the instant habeas corpus petition, all of Watson's claims must be exhausted. See 28 U.S.C. § 2264(a); 28 U.S.C. § 2254(b).   The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993).   Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.   See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).   In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).   "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Matthews, 105 F.3d at 911 (citations omitted); such claims are

---

defaulted, infra, the Court declines to give Watson "due notice and a fair opportunity to show why the limitation period should not yield dismissal of the petition," Day, 126 S. Ct. at 1684, in order to also dismiss the petition as untimely.

treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000). Further, if any of Watson's claims were presented to the highest state court, but were not addressed on the merits because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Respondent has asserted that all of Watson's claims are both exhausted and procedurally defaulted, either because they were presented to the Supreme Court of Virginia in Watson's second state habeas petition and dismissed pursuant to Va. Code Ann. § 8.01-654(B)(2) or because they were never presented to the Supreme Court of Virginia. Respondent's Memorandum, at 2-3. The Court will address both of these assertions, in turn.

### 1. Claims (II)(a), (b), (c), (e), and (f)

Respondent has asserted that claims (II)(a), (b), (c), (e), and (f) are exhausted because they were presented to the Supreme Court of Virginia, but defaulted because they were dismissed pursuant to Va. Code Ann. § 8.01-654(B)(2). Respondent's Memorandum, at 2 (citing Barnes v. Thompson, 58 F.3d 971 (4th Cir. 1995)). The Fourth Circuit has held that this statute is an "adequate and independent state ground" barring federal habeas review of the dismissed claims. Pope v. Netherland, 113 F.3d 1364,

10

1372 (4th Cir. 1997).

Watson has replied that a dismissal of a petition as successive is "irrelevant" to the instant case because he "did previously properly raise the claims which he now seeks to advance in this petition." Watson's Response, at 2. Watson is only partially correct. Although Watson did properly present ineffective assistance of counsel claims that were considered and dismissed on the merits by the Circuit Court, Watson failed to appeal the dismissal of these claims to the Supreme Court of Virginia. Accordingly, Watson's failure to raise them to the state's highest court means that those claims were not properly exhausted. Pruett, 771 F. Supp. at 1436.

"[T]he exhaustion doctrine requires . . . state prisoners . . . [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. "[F]ederal courts [are, in fact, directed] to consider whether a habeas petitioner has 'the right under the law of the State to raise, by any available procedure, the question presented.'" Id. at 848 (quoting 28 U.S.C. § 2254(c)) (emphasis in original). Watson's second state habeas petition then becomes relevant because claims in that petition were presented to the state's highest court, and if those claims were considered on the merits by that court, they would not be procedurally defaulted. Id. As stated, supra, the

11

claims in that second state habeas petition were dismissed by the Supreme Court of Virginia as procedurally barred.

As a result, the instant claims (II)(a), (b), (c), (d), (e), and (f) were never addressed on the merits by the Supreme Court of Virginia. They are thus both exhausted and procedurally defaulted, and therefore, may not be reviewed on the merits by this Court.

## 2.  Claims (I), (II)(d), (g), and (h)

Respondent has asserted that claims (I), (II)(d), (g), and (h) are exhausted and defaulted because they were never presented to the Supreme Court of Virginia, and if presented to that court now would be dismissed as time barred and successive, pursuant to Va. Code Ann. § 8.01-654(A)(2) and § 8.01-654(B)(2), respectively. Respondent's Memorandum, at 3.  The Fourth Circuit has held that both of these statutes are "adequate and independent state ground[s]" barring federal habeas review of the dismissed claims. Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999); Pope, 113 F.3d at 1372.

Watson has asserted that these claims are "properly exhausted" because they would now be procedurally defaulted under state law if Watson attempted to now raise them in state court.  Watson's Response, at 3 (citing George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996)).  Again, Watson's argument is misplaced.  In George, after finding that the petitioner's habeas claim was procedurally defaulted in state court, the Fourth Circuit concluded:

12

> Having determined that George's Sixth
> Amendment claim is procedurally defaulted in
> the Virginia courts, we recognize that "the
> procedural bar which gives rise to exhaustion
> provides an independent and adequate state-law
> ground for the conviction and sentence, and
> thus prevents federal habeas corpus review of
> the defaulted claim, unless the petitioner can
> demonstrate cause and prejudice for the
> default."

George, 100 F.3d at 364 (quoting Gray v. Netherland, 116 S. Ct.
2074, 2080 (1996)).  The Court notes that in the passage from
George quoted in Watson's response, Watson's Response, at 3, the
Fourth Circuit considered the petitioner's claim to be "exhausted"
as a result of procedural default, but nowhere in that court's
reasoning did it characterize the claim as "properly exhausted."
Thus, pursuant to the case cited by Watson himself, this Court
finds that the instant claims (I), (II)(d), (g), and (h) are both
exhausted and procedurally defaulted, and therefore, may not be
reviewed on the merits by this Court.

### B. Limited Exceptions to Procedural Default

Although all of Watson's claims are procedurally defaulted, he
may still obtain review of his claims if he can establish either:
(1) cause for the default and actual prejudice as a result of the
alleged violation of federal law, or (2) that failure to consider
his claims will result in a fundamental miscarriage of justice
because he is actually innocent of the crime for which he was
convicted.  Clagett, 209 F.3d at 379 (citing Coleman v. Thompson,
501 U.S. 722, 750 (1991)); Weeks, 176 F.3d at 269.

13

Watson has asserted that "both [c]ause and [p]rejudice exist to excuse procedural default with respect to Claims II(a), (b), (c), (e), and (f) because, among other reasons, at the time that [Watson]'s first [s]tate [h]abeas petition was filed . . . , direct appellate review of [Watson]'s case had not yet concluded." Watson's Response, at 2.

Watson has failed to establish cause, which refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). Watson has not shown how the timing of the filing of his first state habeas petition constituted "some objective factor external to the defense," nor has he shown why the timing of the filing of that petition prevented his compliance with the state procedural rule for appealing the dismissal of that first petition. Strickler, 527

14

U.S. at 283 n.24.  Accordingly, this Court finds that Watson has not established cause for his default.

As for prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted).  Further, even in the instance where error occurred, a petitioner must show actual disadvantage, as a result, and not merely a possibility of harm.  Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); see also Pope v. Netherland, 113 F.3d 1364, 1371 (4th Cir. 1997).  Watson has not shown how the filing of his first state habeas petition while his direct appeal was pending worked to his actual or substantial disadvantage.  Williams, 146 F.3d at 210. There are no allegations that Watson suffered harm because his appellate counsel committed errors in the handling of the appeal that Watson did not learn of until after filing his first state habeas petition or that appellate counsel had unduly delayed filing an appeal.  Therefore, Watson has not met his burden of showing prejudice.  Id.

Accordingly, the Court FINDS that all of the claims raised in the instant petition are procedurally barred before this Court, and recommends that all of the claims be DENIED.

## IV. **RECOMMENDATION**

For the foregoing reasons, the Court, having DENIED Watson's requests for discovery and for an evidentiary hearing, RECOMMENDS that Watson's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Watson's claims be DISMISSED WITH PREJUDICE.

Watson has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of

16

those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia
October 23, 2007

17

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

John Bradley Reaves, Esq.
Kaufman & Canoles, P.C.
150 W. Main St., Suite 2100
Norfolk, Virginia 23510
COUNSEL FOR PETITIONER

Eugene Paul Murphy, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

                              Fernando Galindo,
                              Clerk of Court

By:   _____/s/_____
      Deputy Clerk

      October 24, 2007

18